CLERKS OFFICE U.S. DIST. COURT
AT CHARLOTTESVILLE, VA
FILED
April 01, 2025
LAURA A. AUSTIN, CLERK
BY s/ S. MELVIN
       DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF VIRGINIA CHARLOTTESVILLE DIVISION

**Michael Redwine**,

Plaintiff, v.

**The Rector and Visitors of the University of Virginia**,

Sue Galloway, Director of NPDS,

Reba Childress, Head Nurse of NPDS, Jill Melton,

HR Employee Relations, Defendants.

Case No. 3:25-cv-17

Case No.:

**COMPLAINT FOR VIOLATIONS OF ADA, FMLA, AND VIRGINIA CODE § 2.2-3010**

**JURY TRIAL DEMANDED**

### 1. INTRODUCTION

Plaintiff Michael Redwine brings this action for violations of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., the Family and Medical Leave Act (FMLA), 29 U.S.C. § 2601 et seq., and Virginia Code § 2.2-3010 (Virginia's Retaliation Statute) against Defendant The Rector and Visitors of the University of Virginia (UVA), and individual defendants Sue Galloway (Director of NPDS), Reba Childress (Head Nurse of NPDS), and Jill Melton (HR Employee Relations) for unlawful retaliation, failure to accommodate, and discrimination related to Plaintiff's disability, medical leave rights, and requests for reasonable accommodations.

Plaintiff seeks relief including, but not limited to, compensatory damages, punitive damages, back pay, front pay, and injunctive relief.

### 2. JURISDICTION AND VENUE

2.1 This Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this action arises under the ADA (42 U.S.C. § 12112 and § 12203) and FMLA (29 U.S.C. § 2615).

2.2 The Court has supplemental jurisdiction over the Virginia retaliation claim under 28 U.S.C. § 1367 because it arises from the same facts as the federal claims.

2.3 Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendant UVA is located in this district, and the events giving rise to this action occurred within this district.

### 3. PARTIES

**Plaintiff**

- Michael Redwine was a resident of Charlottesville, Virginia, and was employed by UVA from March, 2005.

**Defendant – The Rector and Visitors of the University of Virginia**

- UVA is a public educational institution subject to the ADA and FMLA as an employer.

**Individual Defendants**

- Sue Galloway, Director of NPDS, had supervisory authority over Plaintiff's work and accommodations.
- Reba Childress, Head Nurse of NPDS, participated in decisions regarding Plaintiff's accommodations and employment.
- Jill Melton, HR Employee Relations, oversaw compliance with employment laws and played a role in denying accommodations.

Plaintiff asserts ADA and FMLA claims against UVA only, as individual liability is not available under these statutes. Plaintiff asserts the Virginia retaliation claim against both UVA and the individual Defendants.

## 4. FACTUAL ALLEGATIONS

### 4.1 Plaintiff Engaged in Protected Activities

- Plaintiff has Post-Traumatic Stress Disorder (PTSD) and, prior to employment, requested reasonable accommodations (modifications to office space and remote work). UVA initially granted these accommodations.
- On February 4, 2022, Plaintiff tested positive for COVID-19, resulting in prolonged symptoms, including extreme fatigue.
- On February 17, 2022, Plaintiff collapsed from fatigue at work and requested additional accommodations.
- On February 21, 2022, Plaintiff took FMLA leave due to his condition.
- Upon returning from FMLA leave on April 4, 2022, Plaintiff requested continued accommodations, including a first-floor office and remote work.

### 4.2 Defendants Took Retaliatory Adverse Actions

Defendants engaged in a pattern of retaliation against Plaintiff, including:

- February 14, 2022: UVA leadership denied Plaintiff's accommodations and questioned his qualifications. Sue Galloway suggested he resign.
- February 18, 2022: Plaintiff's request for part-time remote work was denied, despite other employees receiving remote work options.
- April 6, 2022: Galloway made disparaging remarks about Plaintiff's condition, stating, "What's next after Long COVID?"
- June 9, 2022: Plaintiff's request to return to full-time work with accommodations was denied.
- June 17, 2022: Jill Melton denied reassignment, stating, "We are doing all we can in your current position."
- July 10, 2022: Plaintiff received negative performance evaluations for absences related to his medical condition.
- October 2022: Plaintiff was forced to take Short-Term Disability (STD) or face termination after exhausting FMLA leave.

These adverse actions occurred shortly after Plaintiff's protected activities, demonstrating retaliation.

### 4.2 Defendants' Internal Investigation Confirmed Violations

- UVA's March 2023 internal investigation confirmed:
  - Plaintiff has a recognized disability under the ADA.
  - UVA failed to provide reasonable accommodations.
  - Plaintiff engaged in protected activities.
  - Several adverse actions occurred after Plaintiff's accommodation requests and FMLA leave.

## 5. LEGAL CLAIMS

**Count I** – Violation of the ADA (Failure to Accommodate & Retaliation) – Against UVA

Defendant UVA violated the ADA by:

- Failing to provide reasonable accommodations (42 U.S.C. § 12112(b)(5)(A)).
- Retaliating against Plaintiff for asserting his ADA rights (42 U.S.C. § 12203).

**Count II** – Violation of the FMLA (Interference & Retaliation) – Against UVA

Defendant UVA violated the FMLA by:

- Interfering with Plaintiff's right to reinstatement (29 U.S.C. § 2615(a)(1)).
- Retaliating against Plaintiff for taking FMLA leave (29 U.S.C. § 2615(a)(2)).

**Count III** – Violation of the Virginia Fraud and Abuse Whistle Blower Protection Act (Retaliation) – Against All Defendants

All Defendants violated the Fraud and Abuse Whistle Blower Protection Act, Va. Code § 2.2-3010, by:

- Retaliating against Plaintiff for engaging in protected whistleblower activities, including reporting to the ADA Coordinator and Human Resources that Plaintiff was being denied reasonable accommodations after becoming disabled.
- Taking adverse actions against Plaintiff despite having actual notice of Plaintiff's good-faith reports of wrongdoing, which included violations of disability accommodation laws and workplace policies.
- Engaging in retaliatory conduct that constitutes a direct violation of Va. Code § 2.2-3010.1(A), which prohibits employers from discharging, threatening, or otherwise discriminating against a whistleblower for reporting misconduct.

6. **PRAYER FOR RELIEF**
   - Plaintiff requests that the Court:
     - Award compensatory damages for lost wages, emotional distress, and harm to reputation.
     - Award punitive damages for willful misconduct.
     - Order front pay.
     - Award attorney's fees and litigation costs.

7. **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

8. **SIGNATURE AND CERTIFICATION**

*/s/ Michael Redwine*

Michael Redwine
2733 W Peregrine Lane, Williams, AZ 86046
(770) 715-6928
March 27, 2025